IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA FITZGERALD, *Plaintiff,* <br><br> v. <br><br> TARGET CORPORATION, *Defendant.* | CIVIL ACTION <br><br> NO. 23-1086 |

### MEMORANDUM RE: MOTION TO REMAND

**Baylson, J.**                                                                                                                                          May 26, 2023

      Plaintiff seeks damages from Defendant for an injury suffered in a slip and fall.  The *ad damnum* clause of the complaint explicitly states that Plaintiff seeks damages less than $75,000.  ECF No. 1.  The Supreme Court has long held that Plaintiff is master of her claim and may limit her damages to keep the amount in controversy below the threshold.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).  However, Defendant could make a showing to the contrary if "other paper" establishes that the amount in controversy exceeds the limit stated in the initial pleadings.  28 U.S.C. § 1446(3).  There is, however, some uncertainty as to the evidentiary standard that Defendant must meet in the face of Plaintiff's express damages limitation, with some district courts questioning whether the previous "legal certainty" standard has been replaced by a "preponderance of evidence" standard in the wake of recent decisions in the Third Circuit and Supreme Court.  See Sciarrino v. State Farm Fire & Cas. Co., 476 F. Supp. 3d 91, 93-97 (E.D. Pa. 2020) (examining the continuing viability of the "legal certainty" standard).

      Regardless of which standard applies, Defendant has not met it.  Defendant alleges that it was put on notice of the Court's jurisdiction over this case by an e-mail from Plaintiff's counsel on March 3, 2023 with a proposed settlement offer of $65,000.  The e-mail reads:

"I will agree that my client's demand is less than $75,000. Specifically, I spoke with her and we have a demand of $65,000. Also, I must say, the more I look at the video, the more and more I like the case. I'd like to get some depositions of the manager and a designee, and the person who verified the discovery. Please provide dates and times and/or a reasonable offer."

ECF 1 at 42.

For the purposes of a jurisdictional analysis, this e-mail's relevance is tangential at best. A settlement demand – particularly one under $75,000 – is patently insufficient to overcome express limitation language within the complaint. The Court would have to stack inference upon inference to find that damages would exceed $75,000 from this e-mail.

Defendant appears to suggest that the e-mail should not be read in isolation by stating that "it was not until Plaintiff produced supplemental medical records *and* defense counsel received Plaintiff's counsel's March 3rd e-mail that Defendant was placed on notice that the amount in controversy may be greater than $75,000." ECF No. 5 at 11 (emphasis added). If the supplemental medical records were the real source of Defendant's belief that the amount in controversy may exceed $75,000, Defendant missed the boat by failing to remove the case within thirty days of receiving those records on February 15, 2023. It cannot credibly maintain that the March 3rd e-mail moved the needle and finally put them on notice that damages would exceed $75,000.[1]

Given Defendant's slight evidentiary offering, Plaintiff remains master of her case and her express limit of damages to less than $75,000 allows her to avoid federal jurisdiction. Thus, the Court will remand this case An appropriate order follows.

---

[1] Defendant also insists that Plaintiff should have no problem stipulating to a limit of $75,000 in damages. Plaintiff need not sign a stipulation restricting her future options to avoid federal jurisdiction.